UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARMANDO HERRERA,

        Plaintiff,

   v.

DIAZ,

        Defendants.

No. 2:17-cv-2123 KJN P

ORDER TO SHOW CAUSE

I. <u>Introduction</u>

      Plaintiff is a state prisoner, proceeding without counsel. On October 12, 2017, plaintiff filed a civil rights complaint, pursuant to 42 U.S.C. § 1983. Plaintiff alleges that on October 9, 2017, defendant told plaintiff to drop his lawsuits against Diaz' supervisor, or Diaz would tell corrections staff that plaintiff threatened Diaz and corrections staff would put plaintiff in lock-up. (ECF No. 1 at 3.) Plaintiff seeks money damages. Plaintiff concedes that there is an administrative appeal process at his prison, and did not exhaust his administrative remedies because Diaz allegedly told plaintiff that if he files an appeal, Diaz would tell the appeal staff to put it in the trash can. (ECF No. 1 at 3.)

////

////

////

II. <u>Screening Complaint</u>

    A. <u>Legal Standards</u>

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion in prisoner cases covered by § 1997e(a) is mandatory. <u>Porter v. Nussle</u>, 534 U.S. 516, 524 (2002). Exhaustion is a prerequisite for all prisoner suits regarding conditions of confinement, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. <u>Porter</u>, 534 U.S. at 532. In other words, prisoners are required to exhaust available remedies prior to filing suit. <u>Jones v. Bock</u>, 549 U.S. 199, 211 (2007).

Proper exhaustion of available remedies is mandatory. <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." <u>Woodford v. Ngo</u>, 548 U.S. 81, 95-96 (2006). The administrative process is exhausted only after the inmate complies with all relevant prison grievance procedures and receives a decision from the third level. <u>Ngo</u>, 548 U.S. at 95-96.

    B. <u>Administrative Appeal Process</u>

The California Department of Corrections and Rehabilitation ("CDCR") provides inmates the right to appeal administratively "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a). Following amendments that took effect January 28, 2011, California prisoners are required to proceed

through three levels of appeal to exhaust the administrative appeal process: (1) formal written appeal on a CDC 602 inmate appeal form, (2) second level appeal to the institution head or designee, and (3) third level appeal to the Director of the CDCR. See 15 Cal. Code Regs. § 3084.1-3084.9.[1] A final decision from the Director's level of review satisfies the exhaustion requirement under 42 U.S.C. § 1997e(a). See Lira v. Herrera, 427 F.3d 1164, 1166-67 (9th Cir. 2005); see also Cal. Code Regs. tit. 15, § 3084.7(d)(3) (as amended Dec. 13, 2010). Appeals must be filed within thirty days from the incident.

C. Has Plaintiff Exhausted?

Plaintiff concedes he did not file an administrative appeal as to his claims against defendant Diaz. Plaintiff claims defendant Diaz threatened to tell appeal staff to put plaintiff's appeal in the trash if plaintiff filed such appeal.[2]

*Sua sponte* dismissal for failure to exhaust administrative remedies under the PLRA is appropriate if, taking the prisoner's factual allegations as true, the complaint establishes his failure to exhaust. See Jones, 549 U.S. at 214-15 (exhaustion is an affirmative defense and *sua sponte* dismissal for failure to exhaust administrative remedies under the PLRA is only appropriate if, taking the prisoner's factual allegations as true, the complaint establishes his failure to exhaust); 28 U.S.C. § 1915A(b)(1); Bennett v. King, 293 F.3d 1096, 1098 (9th Cir. 2002) (affirming district court's *sua sponte* dismissal of prisoner's complaint because he failed to exhaust his administrative remedies).

Court records reflect that plaintiff is well aware that he is required to exhaust his administrative remedies before he files a complaint in federal court. Herrera v. Gardner, Lee & Borsch, Case No. 2:10-cv-1744 GEB EFB (E.D. Cal.) (dismissed on May 10, 2012, based on plaintiff's failure to exhaust administrative remedies prior to filing the action). As plaintiff knows, the CDCR provides an inmate grievance procedure. Plaintiff is reminded that he is

---

[1] The informal resolution level was eliminated. See Cal. Code Regs. tit. 15, § 3084.7 (as amended Dec. 13, 2010).

[2] This is not the first time plaintiff has made such an allegation. In Herrera v. Blandion, 2017 WL 3840270 (E.D. Cal. Sept. 1, 2017), the court noted plaintiff claimed an officer told plaintiff that if he filed an appeal, the officer would tell the appeal staff to put it in the trash." Id. at *3.

required to exhaust his administrative remedies <u>before</u> he files a complaint in federal court. Defendant Diaz apparently works in the library, and even if she were to tell appeals staff to put plaintiff's appeal in the trash, it is unclear appeals staff would do so. In any event, plaintiff must first attempt to exhaust his administrative appeals. If appeals staff fail to accept or respond to plaintiff's administrative appeals, plaintiff may then assert that administrative remedies were not available due to circumstances outside his control. But plaintiff may not simply rely on verbal threats[3] by non-appeals staff and fail to file an administrative appeal concerning the instant claim.

Therefore, because it is clear from the face of plaintiff's complaint that he did not exhaust the administrative grievance procedure, plaintiff shall show cause why this action should not be dismissed without prejudice. In the alternative, plaintiff may file a request to voluntarily dismiss this action. The court will refrain from addressing plaintiff's request to proceed in forma pauperis, and from assessing the court's filing fee, until plaintiff responds to the instant order.

Accordingly, IT IS HEREBY ORDERED that within thirty days from the date of this action, plaintiff shall show cause why this action should not be dismissed without prejudice, or, in the alternative, file a request to voluntarily dismiss this action.

Dated: November 6, 2017

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/herr2123.osc

---

[3] As plaintiff was advised in <u>Herrera</u>, 2017 WL 3840270 at *3, allegations of mere threats cognizable. <u>See</u> <u>Gaut v. Sunn</u>, 810 F.2d 923, 925 (9th Cir. 1987) (mere threat does not constitute constitutional wrong, nor do allegations that naked threat was for purpose of denying access to courts compel contrary result).

4